IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-183-RLV
(5:13-cr-24-RLV)

| | |
|---|---|
| RODRICK LAUADES BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Response in Opposition, (Doc. No. 4).

**I.  BACKGROUND**

From 1998 through at least November 2007, Petitioner Rodrick Lauades Brown participated in a drug-trafficking conspiracy with numerous other individuals in the area of Iredell County, North Carolina.  (Crim. Case No. 5:13-cr-24, Doc. No. 9 at 4: PSR).  During the course of that conspiracy, among other things, Petitioner sold 29.3 grams of cocaine base to another individual, Chad Moore, and agreed to provide cocaine base to a cooperating witness during recorded telephone conversations.  (Id.).  Petitioner was charged in both a December 18, 2007, indictment and a February 26, 2008, superseding indictment with, among other things, participation in a conspiracy to possess with intent to distribute controlled substances that involved 50 grams or

1

more of cocaine base and 5 kilograms or more of cocaine.[1] (Crim. Case No. 5:07-cr-50, Doc. No. 3: Sealed Indictment; Doc. No. 78: Sealed Superseding Indictment). The Government filed an information under 21 U.S.C. § 851 stating that it intended to seek enhanced penalties based on Petitioner's prior conviction for trafficking in cocaine. (Id., Doc. No. 5: Information).

On November 5, 2012, Petitioner was arrested pursuant to a warrant based on the February 2008 charges. On November 27, 2012, Petitioner moved to continue proceedings under the Speedy Trial Act until the criminal term beginning in March 2013. (Id., Doc. No. 548: Motion to Continue). Petitioner moved on February 13, 2013, for another continuance under the Act until the criminal term beginning in May 2013. (Id., Doc. No. 558: Motion to Continue). This Court granted both of Petitioner's motions, finding, among other things, that the ends of justice served by the continuances would outweigh the interest of the public and Petitioner to a speedy trial. (Id., Doc. No. 549: Order; Doc. No. 559: Order). The Court's two orders continued the proceedings until March 4, 2013, and May 6, 2013, respectively. (Id.).

On April 16, 2013, Petitioner pleaded guilty pursuant to a written plea agreement. (Crim. Case No. 5:13-cr-24, Doc. No. 2: Plea Agreement; Doc. No. 5: Acceptance and Entry of Guilty Plea). Under the plea agreement, Petitioner pleaded guilty to a bill of information that was filed on April 16, 2013, charging Petitioner with possession with intent to distribute an unspecified quantity of cocaine base. (Id., Doc. No. 2 at 1: Plea Agreement). In turn, the Government agreed to dismiss the Section 851 Information. (Id.). This Court thereafter granted a motion by the Government to dismiss the February 26, 2008, superseding indictment against Petitioner. (Crim. Case No. 5:07-cr-50, Doc. No. 568: Motion to Dismiss Superseding Bill of Indictment;

---

[1] The indictment was entered in Criminal Case No. 5:07-cr-50, whereas Petitioner's guilty plea and judgment were entered in Criminal Case No. 5:13-cr-24.

Doc. No. 569: Order Granting Motion to Dismiss).

On February 5, 2014, this Court sentenced Petitioner to 26 months of imprisonment, plus three years of supervised release. (Crim. Case No. 5:13-cr-24, Doc. No. 12: Judgment). The Court entered judgment on February 10, 2014, and Petitioner did not appeal. Petitioner placed the instant motion to vacate in the prison mailing system on November 6, 2014, and it was stamp-filed in this Court on November 10, 2014. In his motion, Petitioner contends that he was denied effective assistance of counsel because his attorney failed to move to dismiss his indictment in the light of what he alleges to be a violation of his "speedy trial" rights.

**II. STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter and the Government's response, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III. DISCUSSION**

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable

3

professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

As his sole claim in his petition, Petitioner contends that counsel was deficient for failing to seek dismissal of the charges against Petitioner on the ground that his "speedy trial rights" were violated.[2] (Doc. No. 1 at 5). Liberally construed, Petitioner's motion appears to assert that his attorney should have challenged the nearly five years that transpired between the filing of the initial indictment against Petitioner on December 18, 2007, and his arrest on November 5, 2012, as a denial of his constitutional right to a speedy trial under the Sixth Amendment. See generally Doggett v. United States, 505 U.S. 647, 651-52 (1992) (describing the constitutional speedy trial right that attaches upon accusation). This contention is without merit for two reasons.

First, by pleading guilty to the charges against him, Petitioner waived the right to bring a speedy trial claim. "When a defendant pleads guilty, he waives all non-jurisdictional defects in the proceedings conducted prior to the plea." United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010). The right to a speedy trial is non-jurisdictional. United States v. Moreno-

---

[2] Petitioner pleaded guilty within the time allowed by the Speedy Trial Act, 18 U.S.C. §§ 3161, 3162.

4

Serafin, 251 F. App'x 185 (4th Cir. 2007) (unpublished). Therefore, by knowingly and voluntarily pleading guilty, Petitioner waived his right to claim a speedy trial violation.

Second, Petitioner has not alleged, and cannot establish, the prejudice required to prevail on his ineffective assistance of counsel claim. That is, he alleges nothing to suggest that a speedy trial challenge would have been successful. In considering a speedy trial challenge, a court must consider four factors: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Barker v. Wingo, 407 U.S. 514, 530 (1972). Among other things, this analysis ordinarily requires a determination not only of the extent to which the defendant knew of his indictment before he was arrested, but also the extent to which the government sought the defendant "with diligence." Doggett, 505 U.S. at 652. Because Petitioner pleaded guilty, the facts informing this analysis were never fully developed on the record. Accordingly, any assertion by Petitioner about the likelihood of prevailing on a speedy trial theory would be speculative and inadequate to support his motion. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.").

Additionally, Petitioner does not allege that he was willing to risk the outcome of a trial for the opportunity to assert a speedy trial challenge. Because he pleaded guilty, Petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Petitioner has not even suggested that he would have insisted on going to trial had his attorney been prepared to move to dismiss on speedy trial grounds. Indeed, any allegation that Petitioner would have foregone his plea agreement is unlikely. The 29 grams of crack for which the presentence investigation report held Petitioner responsible could have exposed Petitioner to

5

a mandatory minimum sentence of five years of imprisonment.  See 21 U.S.C. § 841(b)(1)(B)(iii).  The Section 851 enhancement that the Government initially sought could have increased that mandatory minimum sentence to ten years.  See id.  Petitioner's plea agreement allowed him to plead guilty to a bill of information that did not trigger a mandatory minimum, escape any enhancement under Section 851, and ultimately receive a sentence of little more than two years of imprisonment.  Thus, even if Petitioner had not waived the right to bring a speedy trial claim, he cannot show that, but for the alleged error, he would have foregone these benefits and insisted on proceeding to trial.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's Section 2255 petition is denied and dismissed.

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's Section 2255 motion, (Doc. No. 1), is denied and dismissed with prejudice.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: January 27, 2015

Richard L. Voorhees
United States District Judge